UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PUBLIC EMPLOYEES RETIREMENT
ASSOCIATION OF NEW MEX,

Plaintiff,

v.

PG&E CORPORATION,

Defendant.

Case No.  20-cv-01708-HSG

**ORDER DISMISSING APPEAL**

Re: Dkt. No. 18

Pending before the Court is Appellant Public Employees Retirement Association of New Mexico's ("Appellant") appeal of the Bankruptcy Court's February 27, 2020 order that denied Appellant's motion to apply Bankruptcy Rule 7023 to class proof of claim.  Dkt. No. 18 ("Appellant Brief") and Dkt. No. 31 ("Reply").  Appellees PG&E Corporation and Pacific Gas and Electric Company (collectively, "Debtors") opposed the motion to apply Bankruptcy Rule 7023 and oppose the current appeal.  Dkt. No. 29 ("Opposition").  For the following reasons, the Court **DISMISSES** the appeal as an unauthorized interlocutory appeal.

I.   **BACKGROUND**

   A.   **PG&E's Bankruptcy and Chapter 11 Plan**

On January 29, 2019, the Debtors commenced voluntary cases for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court").  Significantly, the Debtors needed to propose a plan of reorganization that satisfied the requirements of A.B. 1054, including its June 30, 2020 deadline for plan confirmation.  In light of the "increased risk of catastrophic wildfires," A.B. 1054 created the "Go-Forward Wildfire Fund" as a multi-billion dollar safety net to compensate future victims of public utility fires and thereby "reduce the costs to ratepayers in

addressing utility-caused catastrophic wildfires," support "the credit worthiness of electrical corporations," like the Debtors, and provide "a mechanism to attract capital for investment in safe, clean, and reliable power for California at a reasonable cost to ratepayers."  A.B. 1054 § 1(a).  For the Debtors to qualify for the Go-Forward Wildfire Fund, however, A.B. 1054 required, among other things, the Debtors to obtain an order from the Bankruptcy Court confirming a plan of reorganization by June 30, 2020.  *See* A.B. 1054 § 16, ch. 3, 3292(b).  After more than sixteen months of negotiations among a variety of stakeholders, and following confirmation hearings that spanned several weeks, the Debtors' Plan of Reorganization dated June 19, 2020 ("Plan")[1] was confirmed by the Bankruptcy Court on June 20, 2020 and became effective on July 1, 2020 ("Effective Date").

## B.    Appellant's Securities Litigation

Appellant is the court-appointed lead plaintiff in a pending securities class action—*In re PG&E Corporation Securities Litigation*, Case No. 18-cv-03509-EJD (N.D. Cal.) ("Securities Litigation")—against Debtors, 18 of Debtors' current and former directors and offices, and 24 investment banks that underwrote certain public offerings of PG&E senior notes.  *See* Appellant Brief at 3-4.  In the Securities Litigation, Appellant alleges that Debtors misled investors about their wildfire safety practices in a manner that amounts to securities fraud.  Dkt. No. 1-3 Memorandum Decision Regarding Motion to Apply Rule 7023 ("Memorandum Decision") at 2.

After the Securities Litigation was automatically stayed with respect to the Debtors by operation of 11 U.S.C. § 362(a), Debtors filed an adversary proceeding to enjoin continued prosecution of the Securities Litigation.  *Id.*  Non-Debtor defendants in the Securities Litigation also filed a motion to dismiss.  *Id.*

## C.    Appellant's 7023 Motion

On December 9, 2019, Appellant filed a motion with the Bankruptcy Court to apply Federal Rule of Civil Procedure 23 ("Rule 23"), made applicable by Federal Rule of Bankruptcy Procedure 7023 ("Rule 7023"), to their class proof of claim.  *Id.* at 1.  In its Memorandum

---

[1] Capitalized terms not otherwise defined in this order have the meanings ascribed to them in the Plan.

Decision, the Bankruptcy Court explained that class proofs of claims in bankruptcy cases are typically considered using a two-step process, under which the court first allows the class proof of claim to be filed, then determines whether certification is appropriate. *Id.* at 2-3 (citing *In re Musicland Holding Corp.*, 362 B.R. 644, 651 (Bankr. S.D.N.Y. 2007)). The Bankruptcy Court proceeded to apply the *In re Musicland Holding Corp.* factors, considering "(1) whether the class was certified pre-petition; (2) whether members of the putative class received notice of the bar date; and (3) whether class certification will adversely affect the administration of the estate." *Id.* at 3.

The Bankruptcy Court noted that the class had not been certified because a motion to dismiss was then pending in the Securities Litigation. *Id.* For this reason, the Bankruptcy Court found that the lack of class certification did not weigh against Appellant. *Id.* The Bankruptcy Court then found that the second factor weighed in favor of Appellant because putative members of the class did not receive actual notice of the general claims bar date (although Debtors argued that they received constructive notice). *Id.* The Bankruptcy Court ascribed "particular importance" to the third factor and found that granting the motion could "potentially derail a precarious confirmation process." *Id.* at 4. Rather than granting the motion, the Bankruptcy Court decided to address the lack of actual notice and attendant due process concerns by extending the bar date for the group of creditors on whose behalf Appellant had sought class proof of claim ("Securities Claimants"). *Id.* at 4-5. The Bankruptcy Court noted that Appellant had filed a timely proof of claim and chose to "set a reasonable bar date to allow class members to file individual proofs of claim." *Id.* at 5.

On February 27, 2020, the Bankruptcy Court issued its order denying Appellant's motion to apply Rule 7023 to class proof of claim and extended the bar date from October 21, 2019 to April 16, 2020 for Securities Claimants.[2] Dkt. No. 1-2 Bankruptcy Court Order of February 27,

---

[2] The Bankruptcy Court defined "Securities Claimants" as those persons or entities "that purchased or acquired the Debtors' publicly traded debt and/or equity securities identified on Exhibit A hereto…during the period from April 29, 2015 through November 15, 2018, inclusive, and who may have claims under the securities laws against the Debtors for rescission or damages." Order at 1-2.

1   2020 Denying Securities Lead Plaintiff's Motion to Apply Bankruptcy Rule 7023 and Extending

2   Bar Date for Certain Holders of Securities Claims ("7023 Order").  The Bankruptcy Court also

3   ordered that notice of the extended bar date and proof of claim forms be sent to all Securities

4   Claimants, both directly and through nominees.  *Id.* at 2-5.

5   On March 10, 2020, Appellant filed a notice of appeal.  Dkt. No. 1.

6   **II.    LEGAL STANDARD**

7   A determination of whether an order is final or interlocutory is jurisdictional and thus can

8   be raised sua sponte and reviewed de novo by an appellate court.  *See In re Bonham*, 229 F.3d

9   750, 760–61 (9th Cir. 2000); *In re TV, LLC*, Nos. CC–11–1263–HKiMk, CC–11–1264–HKiMk,

10  11–141562012 WL 1521633, at *3 (B.A.P. 9th Cir. Apr. 30, 2012) ("Questions of our own

11  jurisdiction, such as whether an order is final, may be raised sua sponte, and are reviewed de novo.

12  . . . Whether a bankruptcy court's decision is final is a question of law reviewed de novo.") (citing

13  *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339

14  F.3d 782, 787 (9th Cir. 2003)).  Denial of leave to appeal is left to the sound discretion of the

15  Court.  *See In re City of Desert Hot Springs*, 339 F.3d at 787.  While the Court applies a flexible

16  standard in considering whether to hear interlocutory appeals in the bankruptcy process,

17  "traditional finality concerns still 'dictate that we avoid having a case make two complete trips

18  through the appellate process.'"  *Id*. at 787 (citation omitted).

19  **A.    Final Orders**

20  Ordinarily in civil litigation, a "final decision" is one which "'ends the litigation on the

21  merits and leaves nothing for the court to do but execute the judgment.'"  *Ritzen Grp., Inc. v.

22  Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (quotations and citation omitted).  In

23  bankruptcy cases, by contrast, orders "qualify as 'final' when they definitively dispose of discrete

24  disputes within the overarching bankruptcy case." *Id.*  "In bankruptcy proceedings, [the Ninth

25  Circuit] has cautioned against applying with 'blind adherence' the rules of finality developed

26  under the general grant of appellate jurisdiction contained in 28 U.S.C. § 1291" and instead "has

27  adopted a pragmatic approach to deciding whether a bankruptcy court's order is final, recognizing

28  that 'certain proceedings in a bankruptcy case are so distinct and conclusive either to the rights of

United States District Court
Northern District of California

4

1    individual parties or the ultimate outcome of the case that final decisions as to them should be

2    appealable as of right.'" *In re Technical Knockout Graphics, Inc.*, 833 F.2d 797, 800 (9th Cir.

3    1987) (quoting *In re Mason*, 709 F.2d 1313, 1316–17 (9th Cir. 1983)).

4         Under this "pragmatic approach" to finality, a party may appeal an order as of right where

5    the order: "1) resolves and seriously affects substantive rights and 2) finally determines the

6    discrete issue to which it is addressed." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1363 (9th

7    Cir. 1992) (citing *In re Allen*, 896 F.2d 416, 418–19 (9th Cir. 1990)).  If "further proceedings in

8    the bankruptcy court will affect the scope of the order, the order is not subject to review."

9    *Technical Knockout*, 833 F.2d at 800 (quotation and citation omitted).

10        As the Supreme Court recently noted, "[c]orrect delineation of the dimensions of a

11   bankruptcy 'proceeding' is a matter of considerable importance'" because "[a]n erroneous

12   identification of an interlocutory order as a final decision may yield an appeal over which the

13   appellate forum lacks jurisdiction." *Ritzen*, 140 S. Ct. at 587.  "An order in a bankruptcy

14   proceeding is final and thus appealable" within the meaning of Section 158(a)(1) only "if it 'alters

15   the status quo and fixes the rights and obligations of the parties … [or] alters the legal

16   relationships among the parties.'"  *Ocwen Loan Servicing, LLC v. Marino (In re Marino)*, 949

17   F.3d 483, 487 (9th Cir. 2020) (ellipses and alteration in original) (quoting *Gugliuzza v. FTC (In re*

18   *Gugliuzza)*, 852 F.3d 884, 893 (9th Cir. 2017)).

19        **B.    Interlocutory Orders**

20        If an order is not final, the Court has jurisdiction to hear an appeal of an interlocutory order

21   of a bankruptcy court if it grants leave to appeal.  *See* 28 U.S.C. § 158(a); Fed. R. Bankr. P. 8002,

22   8004(a)(2)(b).  Leave to appeal an interlocutory order is appropriate where (1) there is a

23   controlling question of law, (2) as to which a substantial ground for a difference of opinion exists,

24   and (3) an immediate appeal could materially advance the ultimate termination of the litigation.

25   *See In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) (under

26   Section 1292(b), an interlocutory appeal is within court's discretion where there is a controlling

27   question of law, substantial grounds for difference of opinion, and the appeal may materially

28   advance the ultimate termination of the litigation, as well as under "exceptional circumstances").

United States District Court
Northern District of California

5

1    In deciding whether to grant leave to appeal under Section 158(a)(3), courts look to the analogous

2    provisions of 28 U.S.C. Section 1292(b) governing review of interlocutory district court orders by

3    the courts of appeal.  *See Belli v. Temkin (In re Belli)*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001);

4    *In re Wilson*, No. BR 13-11374 AJ, 2014 WL 122074, at *1 (N.D. Cal. Jan. 10, 2014).

5    ### III.    DISCUSSION

6        In opposing this appeal, Debtors argue that the 7023 Order is interlocutory and that

7    Appellant neither sought nor obtained leave to appeal.  Opp. at 11-13.  Appellant responds that the

8    7023 Order is a final decision of the Bankruptcy Court and thus it has the right to appeal.  Reply at

9    3-5.  Because a determination of whether the order is final or interlocutory is jurisdictional, the

10   Court must resolve this threshold issue before it may consider the merits of Appellant's appeal.

11   *See In re Bonham*, 229 F.3d at 760–61.

12       **A.    The FRBP 7023 Order Is Interlocutory**

13        Under 28 U.S.C. § 158(a), district courts have jurisdiction to hear appeals "from final

14   judgments, orders, and decrees" of the bankruptcy court, or "from other interlocutory orders and

15   decrees" if the district court gives leave.  The Court must therefore determine if the 7023 Order is

16   a final order and thus appealable as of right, or an interlocutory order for which Appellant must

17   seek leave to appeal.  *Id.*; *In re City of Desert Hot Springs*, 339 F.3d at 787-788 ("The district

18   court or BAP must hear appeals from final decisions of the bankruptcy courts…It is within the

19   discretion of the district court and the BAP, however, to hear interlocutory appeals.").

20        Neither Appellant nor Debtors cite to, and the Court has not found, controlling Ninth

21   Circuit authority on the specific question of whether the denial of a Rule 7023 motion is a final or

22   interlocutory order.  Appellant relies on two district court decisions where the appellate

23   jurisdiction of the district court was not challenged and where the district court was not called

24   upon to decide the finality of a Rule 7023 order.  In particular, Appellant relies on a district court

25   decision in which the court found that "an appeal of an order sustaining an objection to a proof of

26   claim…is a final order."  *In re First Alliance Mortg. Co.*, 269 B.R. 428, 433 (C.D. Cal. 2001)

27   ("*First Alliance*").  It does not appear that the parties in *First Alliance* disputed the finality of the

28   bankruptcy order on appeal, and the district court explicitly based its jurisdiction on the fact that it

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1  was an appeal of an order sustaining an objection to a proof of claim.  *Id.* at 443.  Debtors agree

2  that sustaining an objection to a proof of claim should be considered a final order because such a

3  ruling determines whether a proof of claim will be allowed and, if so, at what amount.  Opp. at 13.

4  But they argue that the denial of Appellant's Rule 7023 motion has nothing to do with the merits

5  of Appellant's individual claim.  *Id.*

6          The Court agrees with Debtors that the current appeal presents a different procedural

7  posture than *First Alliance*.  Here, the Debtors did not object to, and the Bankruptcy Court did not

8  sustain an objection to, Appellant's proof of claim.  Rather, as the Bankruptcy Court noted,

9  Appellant filed a timely proof of claim.  Memorandum Decision at 5.  Appellant's claim has been

10  allowed to proceed, and the resolution of that claim will be subject to later appeal if Appellant

11  disputes the outcome of the claims reconciliation process.  The Bankruptcy Court also extended

12  the bar date to allow other putative class members to file individual proofs of claim.  *Id.*  Given

13  that the district court in *First Alliance* did not address whether the denial of a Rule 7023 motion is

14  interlocutory, the Court finds that the *First Alliance* decision is of limited persuasive value,

15  especially in light of the different procedural posture of the current appeal.  Similarly, Appellant's

16  citation to *In re Birting Fisheries, Inc.*, 178 B.R. 849, 852 (W.D. Wash. 1995), provides little

17  guidance.  The district court in *Birting Fisheries* also did not discuss whether a class certification

18  ruling should be considered interlocutory or final, and there is no indication that this issue was

19  presented to the court.

20          While the authority cited by Debtors is also persuasive rather than binding, it more directly

21  addresses the present issue.  Debtors cite to two out-of-circuit decisions that classify the denial of

22  class certification under Rule 7023 as interlocutory by analogy to Rule 23(f).  *See Chrysler Fin.*

23  *Corp. v. Powe*, 312 F.3d 1241, 1245–46 (11th Cir. 2002) (explaining that "the district court's

24  discretion to entertain an interlocutory appeal [of a Rule 7023 motion] from the bankruptcy court

25  is analogous to the court of appeals' discretion to entertain a Rule 23(f) appeal from the district

26  court."); *see also In re Adam Aircraft Indus., Inc.*, No. 08-11751MER, 2009 WL 1636384, at *4

27  (Bankr. D. Colo. May 21, 2009) (applying Rule 23(f) standards for an interlocutory appeal of a

28  class certification decision in the context of a Rule 7023 denial).

United States District Court
Northern District of California

1    Because Rule 7023 provides for Rule 23 to be "applied in adversary proceedings," the

2    Court agrees with the reasoning in *Chrysler* and *Adam Aircraft* that it should look to the analogous

3    standards for an appeal of a class certification decision under Rule 23.  *See Mortland v. Aughney*,

4    No. C 11-00743 WHA, 2011 WL 2653515, at *2 (N.D. Cal. July 6, 2011) (("[O]ur court of

5    appeals concurred with the other circuits and held that Bankruptcy Rule 7023 allows Rule 23 to be

6    applied in adversary proceedings."); *see also In re Wilson*, 2014 WL 122074, at *1 ("To determine

7    whether leave to appeal an interlocutory order is warranted under section 158(a)(3), the court may

8    look to the analogous provisions of 28 U.S.C. § 1292(b), which govern appellate review by the

9    courts of appeals of interlocutory district court orders.").

10    With regard to appeals of class certification decisions under Rule 23, the Supreme Court

11   has held that "[o]rders granting or denying class certification. . .are 'inherently interlocutory.'"

12   *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1706 (2017).  "Pursuant to Federal Rule of Civil

13   Procedure 23(f). . .orders denying or granting class certification may be appealed immediately if

14   the court of appeals so permits."  *Id.*  "Absent such permission, plaintiffs may pursue their

15   individual claims on the merits to final judgment, at which point the denial of class-action

16   certification becomes ripe for review."  *Id.*  Appellant does not address this clear Rule 23

17   precedent and fails to offer a compelling argument for departing from Rule 23(f) standards in the

18   bankruptcy context.  *See* Reply at 3-5.  Accordingly, the Court finds that the Bankruptcy Court's

19   7023 Order is properly considered an interlocutory order.

20       **B.    Appellant Failed To Seek Leave To Appeal**

21    Because the 7023 Order is an interlocutory order, the Court has jurisdiction to hear

22   Appellant's appeal only if it grants leave.  *See* 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8002,

23   8004(a)(2)(b).  Federal Rule of Bankruptcy Procedure 8004 sets out the requirements for a party

24   seeking leave to appeal an interlocutory order, including a motion for leave to appeal that explains

25   why leave should be granted.  The Ninth Circuit has "noted that if a litigant is unsure about the

26   nature of an order, the litigant should file both a notice to appeal and a motion for leave to appeal

27   before the BAP or district court."  *In re City of Desert Hot Springs*, 339 F.3d at 787.  Appellant

28   did not comply with these requirements.  Even if it had, the Court would not grant leave to appeal

8

because Appellant's briefing fails to demonstrate that: (1) there is a controlling question of law, (2) as to which a substantial ground for a difference of opinion exists, and (3) an immediate appeal could materially advance the ultimate termination of the litigation. *See Cement*, 673 F.2d at 1026; *see also Ad Hoc Comm. of Holders of Trade Claims v. PG&E Corp.*, 614 B.R. 344, 354 (N.D. Cal. 2020).

Rather than presenting a controlling question of law as to which substantial ground for a difference of opinion exists, Appellant contends that the bankruptcy court abused its discretion in denying its Rule 7023 motion. *See* Memorandum Decision at 3-5; Appellant Brief at 20-24. The fact that Appellant agrees with the legal framework applied by Bankruptcy Court—specifically its decision to apply the factors set out in *In re Musicland Holding Corp.*—undermines any argument that "the controlling law is unclear." *See Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *Ad Hoc Comm.*, 614 B.R. at 354-355. While Appellant argues that the Bankruptcy Court abused its discretion in its determination that class certification would adversely affect the administration of the estate and in its consideration of a supplemental declaration submitted by Debtors, such findings are entitled to a deferential standard of review. *See Mortland*, 2011 WL 2653515, at *2 ("[A] bankruptcy court has *discretion* to apply Rule 23 via Rule 7023 via Rule 9014."); *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010) ("We must accept the bankruptcy court's findings of fact, unless 'the court is left with the definite and firm conviction that a mistake has been committed.'"). Thus, even if the Court were to construe Appellant's appeal as a motion for leave to appeal, the Court would deny leave to appeal.[3]

## IV.   CONCLUSION

Because Appellant attempts to appeal an interlocutory order without leave, the Court

//

---

[3] The Court notes that the Ninth Circuit has expressed "the view that petitions for Rule 23(f) review should be granted sparingly." *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005). The Court does not find that the Bankruptcy Court's decision is "manifestly erroneous." *Id.* Neither is this "a death-knell situation" for Appellant's claims, nor an appeal that "presents an unsettled and fundamental issue of law relating to class actions." *Id.* Thus, the Court's decision to dismiss this appeal accords with the Ninth Circuit's standards for consideration of Rule 23(f) petitions.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISMISSES** the appeal.  The Clerk is directed to terminate this appeal and close the case.


   **IT IS SO ORDERED.**

Dated:  3/8/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge